### AMERICAN SILK LABEL MFG. CO. v. WOLF.

(Supreme Court, Appellate Term. June 24, 1910.)

PRINCIPAL AND AGENT (§ 173*)—UNAUTHORIZED AGENCY—RATIFICATION—EVI-
DENCE.

Evidence *held* insufficient to establish ratification of an order for goods given by an alleged agent not shown to have authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 661; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the American Silk Label Manufacturing Company against Augusta Wolf. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

J. S. & H. A. Wise, for appellant.

Charles H. Broas, for respondent.

GUY, J. This is an appeal from a judgment in favor of plaintiff in an action for goods sold and delivered, for the furnishing of which plaintiff alleges an order was given it by an alleged agent of the defendant. The delivery of the goods is admitted, but defendant testified that immediately upon receipt thereof she notified plaintiff that she had given no such order, and wished that the goods should be taken away by the plaintiff. Plaintiff failed to show any authorization by defendant of the alleged agent who gave the order for the goods, and such agency was denied by defendant. Some testimony was introduced by plaintiff to the effect that a bill, or two bills, had been sent to defendant for the goods, and that, when a collector called for payment thereof, defendant said:

"The only way she would settle her bill, as she intended to move, she was willing to take the goods, and give a check for one-half of what the bill called for."

This evidence is insufficient to establish ratification. The motion to dismiss the complaint at the end of plaintiff's case should have been granted.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.